NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702)-900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TULLULAH CAPLE,<br><br>            Plaintiff,<br><br>       v.<br><br>WEBSTER MONROE & ASSOCIATES, LLC,<br><br>            Defendant. | Case No. 2:20-cv-02085<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

   NOW comes TULLULAH CAPLE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of WEBSTER MONROE & ASSOCIATES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Las Vegas, Nevada, which lies within the District of Nevada.

5. Defendant is a third-party debt collector and a limited liability company organized under the laws of the State of New York. Defendant is registered at 7510 Porter Road, Suite 1, Niagara Falls, New York 14304. Defendant regularly collects from consumers in the State of Nevada.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

7. The instant action stems from Defendant's attempts to collect upon a defaulted payday loan ("subject debt") that is purportedly owed by Plaintiff.

8. The subject debt was allegedly incurred in order to purchase personal household goods and/or services.

9. Around October 2020, Defendant began its collection campaign by telephonically contacting Plaintiff.

10. Upon speaking with Defendant, Plaintiff was informed of its intent to collect upon the subject debt.

11. Plaintiff did not recognize the subject debt and questioned its validity when she spoke with Defendant.

12. In response, Defendant threatened to initiate a lawsuit against Plaintiff if she failed to make a payment towards the subject debt.

13. In addition, Defendant repeatedly misrepresented the origins of the subject debt and misstated the identity of the original creditor.

14. Furthermore, on multiple instances, Defendant failed to identify itself as a debt collector when it attempted to collect from Plaintiff.

15. Thereafter, Plaintiff made a payment to Defendant because of Defendant's coercive collection campaign.

16. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress,

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

26. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to initiate a lawsuit against Plaintiff can be gauged by the fact that Defendant issued its threat after Plaintiff questioned the validity of the subject debt. From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with it deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

27. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when it misrepresented the origins of the subject debt and misstated the identity of the original creditor. Defendant's deceptive tactics caused confusion as to the legal status of the subject debt and prevented Plaintiff from having important information regarding the subject debt before she made a payment to Defendant.

4

28. Defendant also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from vindicating her rights.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by threatening to sue Plaintiff to collect upon the subject debt without the intent to follow through. Any reasonable fact finder will conclude that Defendant's threats are unfair and unconscionable as they are designed to instill and under sense of urgency within consumers to make a payment.

31. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself.

32. As pled in paragraphs 15 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, TULLULAH CAPLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 13, 2020                Respectfully submitted,

                                        By: /s/ Nicholas M. Wajda
                                        Nicholas M. Wajda
                                        LAW OFFICE OF NICHOLAS M. WAJDA, ESQ.
                                        871 Coronado Center Drive, Ste. 200
                                        Henderson, NV 89052
                                        Telephone: (702)-900-6339
                                        Email Address: nick@wajdalawgroup.com